**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DEANNA S.,                                                    Case No: 1:22-cv-602

            Plaintiff,

    v.                                                              Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed the above-captioned judicial appeal of the Commissioner's decision to deny Plaintiff disability insurance benefits under the Social Security Act. Currently pending before the Court is Plaintiff's counsel's motion for an award of attorney fees based on a pre-existing contingency fee agreement. For the reasons stated, the motion is GRANTED.

**I.      Background**

As a result of Plaintiff's 2022 judicial appeal, the Court reversed the Commissioner's adverse decision and entered an order of remand for further administrative proceedings under sentence four of the Social Security Act. (*See* Docs. 17-18). Plaintiff's prevailing party status in obtaining a judgment of remand entitled her to recover attorney fees under the Equal Access to Justice Act ("EAJA"). On January 3, 2024, the Court granted the parties' joint motion for a stipulated EAJA award of $3,900. (*See* Doc. 20).

On November 25, 2024, the Social Security agency sent Plaintiff and her counsel a Notice of Award reflecting an award of past-due SSI benefits in the amount of

1

$28,025.74. On January 3, 2025, Plaintiff's counsel timely filed a motion that seeks an additional attorney's fee award,[1] consistent with the contingent fee agreement that Plaintiff signed on the date this federal case was filed.

## II.     Analysis

### A.  The Statutory Basis for a Fee Award

In support of an award of fees, Plaintiff's counsel argues that she successfully pursued and won a past-due SSI benefits award. But counsel mistakenly cites to 42 U.S.C. § 406(b), which "covers only attorneys whose clients bring successful DIB claims under Title II of the Social Security Act," not SSI claims. *Pennington v. Comm'r of Soc. Sec.,* Case No. 1:17-cv-264, 2019 WL 3228896 (S.D. Ohio July 18, 2019); *Napier v. Comm'r,* 190 Fed. Appx. 458, 459–60 (6th Cir.2006) (additional citations omitted); Nevertheless, a parallel statute applicable to Title XVI of the Social Security Act provides for a virtually identical fee award based upon past due SSI benefits, and the same case law and analysis applies.[2] *See* 42 U.S.C. § 1383(d)(2); *Reynolds v. Comm'r of Soc. Soc.*, 292 F.R.D. 481, 484 (W.D. Mich. 2013). In the interests of justice, the Court construes counsel's motion under 42 U.S.C. § 1383(d)(2).

Unlike an EAJA fee which is paid directly by the United States, an attorney's fee awarded under the Social Security Act has a direct impact on the disabled claimant, because it is paid from the benefits award. For that reason, both § 406(d) and § 1383(d) cap fees at 25% of any past-due benefits award.[2] In the motion filed in this case, counsel

---

[1] *See* Local Rule 54.2(b) (requiring motions for attorney's fees filed under the Social Security Act to be filed within 45 days "after entry of judgment or the date shown on the face of the social security certificate award (notice of award), whichever is later."

[2] The Social Security Agency ordinarily withholds 25% of any past-due benefits award for payment of attorney's fees. Although separate fees may be awarded by the agency for work performed at the administrative level, only a court may award fees for work performed in federal court.

seeks a contingent fee award of $7.006.42 for the 21.5 hours spent prosecuting the above-captioned judicial appeal, an amount equal to the 25% statutory cap. Counsel's motion further acknowledges that, if the full $7,006.42 is awarded by this Court, counsel will refund the previously-awarded $3,900.00 EAJA fee to Plaintiff in order to avoid double-recovery for the same work "when or if it is received." (Doc. 21, PageID 2435).

As is typical for requests that do not financially impact the United States, the Commissioner's response to Plaintiff's motion states that it neither supports nor opposes the §406(b) motion. (Doc. 22) The response further acknowledges that the fee request remains subject to additional judicial review under *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002) and related Sixth Circuit authority to determine the "reasonableness" of any award. Under that authority, a contingency fee may be reduced if the fee requested would constitute a windfall. *Gisbrecht,* 535 U.S. at 808, citing *Rodriguez v. Sec'y of HHS*, 865 F.2d 739, 746-747 (6th Cir. 1989) (en banc).

Published case law from this district explains that an attorney seeking fees under §406(b) "must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered." *Lowery v. Comm'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013) (citing *Gisbrecht*, 535 U.S. at 807). In *Ringel v. Comm'r*, 295 F. Supp.3d 816 (S.D. Ohio 2018), the Court identified five key "guideposts" used to determine whether a contingent fee request should be approved as reasonable, or whether, conversely, it constitutes a windfall. The relevant guideposts are: (1) whether the hourly rate passes the test established in *Hayes v. Sec'y of HHS*, 923 F.2d 418 (6th Cir. 1990); (2) whether the fee has grown inordinately large due to delays in proceedings; (3) the quality and quantity of hours for which compensation is

3

sought; (4) whether counsel has compromised the fee; and (5) whether the Commissioner opposes the award or other unique circumstances apply. *Id*.

### A. Application of the *Hayes* Test Proves Reasonableness

In *Hayes v. Sec'y of HHS*, 923 F.2d 418 (6th Cir. 1990), the Sixth Circuit established that "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable." *Id*., 923 F.2d at 422. In other words, if a contingency fee is authorized by a fee contract that does not exceed the statutory maximum fee of 25%, and if the total fee further falls below the *Hayes* "floor," then a reviewing court has satisfied its duty to ensure the fee is not a windfall. A hypothetical hourly rate that equals or exceeds twice counsel's "standard rate" still may be "reasonable," but requires additional judicial review. *Id*. The application of the *Hayes* test is always the first step in assessing the reasonableness of a fee, and sometimes the last.

To calculate whether the fee falls below the *Hayes* floor in this case, the total contingency fee sought by counsel is divided by the total number of hours spent in this judicial appeal. That equation yields a hypothetical hourly rate of $325.88. To determine whether that hypothetical rate is reasonable under *Hayes*, the Court must ascertain counsel's "standard rate."

Plaintiff's counsel previously negotiated an EAJA fee equal to $181.39 per hour, which rate is "entitled to presumptive weight under *Hayes* in the absence of evidence of counsel's normal billing rate for comparable, noncontingent work." *Ringel*, 295 F.3d at 831 (emphasis added); *see also id*. at 830 (discussing impropriety of using bar association rates and prior Sixth Circuit approval of EAJA rate as a proxy for the "standard rate"). Because the $325.88 hypothetical hourly rate is less than twice the EAJA hourly

rate previously awarded by this Court for the same work, the total award sought by counsel under her contingency fee agreement is "per se reasonable" under the *Hayes* test. Therefore, review of the additional guideposts under *Ringel* is unnecessary.

### B. EAJA-Related Refund

Counsel's motion states that she will refund the prior EAJA award as legally required by the EAJA savings provision in order to avoid a duplicate recovery when and if she receives that fee.[3] However, despite this Court having directed the payment of the EAJA award of $3,900.00 over a year ago, counsel attests that she has yet to receive payment. Therefore, at the time this award is being made, counsel is entitled to the full contingency fee that she seeks.

### III.    Conclusion and Order

The total fee award sought by counsel is "per se reasonable" under the *Hayes* test and otherwise appropriate under 42 U.S.C. § 1383(d)(2). No deduction or offset for the previously-awarded EAJA fee is required because no such payment has been made to counsel as of the date of this Order.

Accordingly, **IT IS ORDERED THAT:**

1. Plaintiff's motion for an award of attorney fees under 42 U.S.C. §406(b) (Doc. 21), as construed under 42 U.S.C. § 1383(d)(2), is **GRANTED**, with counsel to be awarded a contingent fee of $7,006.42;

2. When Plaintiff's counsel receives payment of the $3,900.00 EAJA fee in the future, she must promptly refund to Plaintiff the entirety of that fee.[4]

---

[3]The savings provision in the EAJA works in tandem with contingency fee awards made under the Social Security Act to prohibit duplicate fee awards for "the same work." *See* PL 99-80 (HR 2378), PL 99-80, August 5, 1985, 99 Stat 183.

[4] Counsel shall continue to follow up to ensure that the EAJA fee previously ordered by this Court is paid.

_s/Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge